## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **MANUEL VALDEZ and RAFAEL VALDEZ, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiffs,**<br><br>**V.**<br><br>**CHEMOIL ENERGY, INC.,**<br><br>**Defendant.** | **CIVIL ACTION NO. 5:16-CV-00419**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

### SUMMARY

1.      Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2.      Plaintiffs Manuel Valdez and Rafael Valdez, and the employees they seek to represent ("Class Members"), are current and former hourly paid fuel tech/drivers employed by Defendant Chemoil Energy, Inc. ("Defendant" or "Chemoil") during any work week three years prior to the time notice is issued.

3.     This case implicates Defendant's longstanding policy of knowingly and deliberately failing to compensate Plaintiffs and Class Members for their overtime hours based on the time and one-half formula under the FLSA.

4.     Defendant violated the FLSA in the following manners:

   a.   Defendant failed to pay Plaintiffs the overtime rate in any way.   That is, Defendant paid Plaintiffs at a "straight time" wage, or at the same hourly rate for all hours worked including overtime.

5.     Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiffs and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) hours in a week.

6.     Plaintiffs seek to recover, on behalf of themselves and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7.     Plaintiffs also pray that the class of similarly situated hourly-paid fuel tech/drivers be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation in a manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, and specifically the FLSA, 29 U.S.C. § 216(b).

9.     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this district.

## PARTIES & PERSONAL JURISDICTION

10.     Plaintiff Manuel Valdez is an individual who resides in Webb County, Texas.  His written consent form to this action is attached hereto as Exhibit "1."

11.     Plaintiff Rafael Valdez is an individual who resides in Webb County, Texas.  His written consent form to this action is attached hereto as Exhibit "2."

12.     The Class Members are all hourly-paid fuel tech/drivers employed by Defendant at any time during the three years prior to filing of this Complaint up to the present.

13.     Defendant Chemoil Energy, Inc. is a foreign for-profit corporation, which does business in Texas.  Defendant may be served process through its registered agent as follows: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

14.     Defendant at all times relevant to this action has had sufficient minimum contacts with the State of Texas to confer personal jurisdiction upon it by this Court.  Defendant conducts business throughout Texas.  Furthermore, Defendant contracted with and employed Texas residents, like Plaintiffs and Class Members, to conduct its business in Texas.

## FLSA COVERAGE

15.     At all material times, Defendant has been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

16.     At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

17.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact Defendant has and continues to have employees engaged in commerce.

18.     Defendant has an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard.  26 U.S.C. § 203 (s)(1)(A)(ii).

19.     At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

20.     Drivers, like the Plaintiffs and Class Members, are non-exempt employees under the FLSA.

### SUMMARY OF FLSA VIOLATIONS & RELEVANT FACTS

21.     Chemoil is one of the world's leading retail energy companies in sea and land sectors, delivering energy to an extensive network of international clients.  Chemoil partners with its customers to optimize fuel procurement and management.

22.     Plaintiffs are employed by Defendant as fuel tech/drivers.

23.     Plaintiffs primarily worked for Defendant in Pleasanton, Texas, which is located in Atascosa County.

24.     Plaintiffs' primary duty consist of fueling equipment for Defendant's customers at a frac site.  This is generally referred to as "frac time."  "Frac time" requires fuel tech/drivers to connect fuel hoses to equipment on a frac site to provide the necessary fuel.

25.     At the beginning of a project, Defendant's fuel equipment is driven from a yard to a frac site by Plaintiffs.

26.     At the conclusion of a project, Defendant's fuel equipment is returned from the frac site to a yard by Plaintiffs.

27.     The majority and a meaningful portion of time fuel tech/drivers spend driving, involves small company owned vehicles that weigh less than 10,000 pounds.  Defendant required that Plaintiffs drive to and from the frac site daily using its small company owned vehicles.

28.     Defendant pays its fuel tech/drivers an hourly rate.

29.     Defendant does not pay the federally mandated premium of time-and-a-half for hours worked over forty (40) in a workweek.   Rather, Defendant pays its fuel tech/drivers "straight time pay" for all hours worked.

30.     No exemption or other exception to the payment of overtime under the FLSA applies to hourly paid manual laborers like the Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

31.     As part of their regular business practices, Defendant has intentionally, willfully and repeatedly harmed Plaintiffs and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

32.     Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

33.     Plaintiffs bring this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were, are, or will be employed by Defendant as fuel tech/drivers within three (3) years from the commencement of this action.

34.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiffs since his claims are similar to the claims possessed by Class Members.

35.     Plaintiffs have actual knowledge that Class Members working for Defendant throughout the United States have likewise been denied overtime at the rate mandated by the FLSA.

36.     Indeed, other opt-in Plaintiffs have joined this lawsuit who worked for Defendant in Texas and in other states as fuel tech/drivers.

37.     Plaintiffs are similarly situated to the Class Members.  Class Members perform or have performed the same or similar work as the Plaintiffs.

38.     Like Plaintiffs, the Class Members were paid only for straight time for all hours worked above 40 each week.

39.     The names and addresses of the Class Members of the collective action are discoverable from the Defendant.  To the extent required by law, notice will be provided to these individuals via First Class Mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

40.     Although the exact amount of damages may vary among Class Members, damages can be calculated, summed, and allocated based on a simple formula.

41.     The claims of the Plaintiffs and Class Members arise from a common nucleus of operative facts, namely the continued and willful failure of Defendant to comply with its obligation to legally compensate their employees.

42.     As such, the class of similarly situated Class Members is properly defined as follows:

**All current and former fuel tech/drivers employed by Chemoil during the three-year period before the filing of this complaint up to the present.**

**COUNT ONE: VIOLATION OF 29 U.S.C. § 207**

43.     Plaintiffs incorporate the preceding paragraphs by reference.

44.     Defendant violated the FLSA by failing to pay Plaintiffs and Class Members overtime based on the statutory formula provided in the FLSA.

6

45.    For all the time worked in excess of forty (40) hours in individual workweeks, Plaintiffs and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

46.    The Defendant violated and continues to violate the FLSA when it failed to pay Plaintiffs and Class Members consistent with the statutorily mandated overtime rate for each hour worked over forty (40) in a single work week.

47.    No exemption provided in the FLSA or recognized by courts authorizes the Defendant to disregard paying overtime to its employees when such overtime is earned.

48.    Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Therefore, a three-year statute of limitations applies to this action and Defendants are liable for liquidated damages.

## DAMAGES SOUGHT

49.    Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

50.    Plaintiffs and Class Members are entitled to recover an amount equal to all their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

## JURY DEMAND

51.    Plaintiffs and Class Members hereby demand a trial by jury.

## **PRAYER FOR RELIEF**

52.     For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a.   All unpaid wages;

b.   Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

c.   An equal amount as liquidated damages as allowed under the FLSA;

d.   Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

e.   Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.


Respectfully submitted,


SHELLIST | LAZARZ | SLOBIN LLP


By: */s/ Robert R. Debes, Jr.*
     ROBERT R. DEBES, JR.
     Texas Bar No. 05626150
     bdebes@eeoc.net
     RICARDO J. PRIETO
     Texas Bar No. 24062947
     rprieto@eeoc.net
     11 Greenway Plaza, Suite 1515
     Houston, Texas 77046
     Telephone: (713) 621-2277
     Facsimile: (713) 621-0993

     ATTORNEYS FOR PLAINTIFFS
     & CLASS MEMBERS