UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MANUEL VALDEZ and RAFAEL VALDEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>V.<br><br>CHEMOIL ENERGY, INC.,<br><br>Defendant. | CIVIL ACTION NO. 5:16-CV-00419<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' UNOPPOSED MOTION FOR CONDITIONAL CERTIFICATION & APPROVAL OF NOTICE TO CLASS MEMBERS

Manuel Valdez and Rafael Valdez, individually and on behalf of all others similarly situated ("Plaintiffs"), file this Unopposed Motion for Conditional Certification and Approval of Notice to Class Members ("Motion"). In support of this Motion, Plaintiffs show the Court as follows:

### I.

As reflected in their Collective Action Complaint, Plaintiffs contend that Defendant violated the overtime wage provisions of the Fair Labor Standards Act ("FLSA") by failing to pay them overtime when they worked over forty hours in a workweek. Specifically, Plaintiffs contend that Defendant failed to pay Plaintiffs the overtime rate in any way. That is, Defendant paid Plaintiffs at a "straight time" wage, or at the same hourly rate for all hours worked including overtime. As indicated in its Answer, Defendant denies Plaintiffs' allegations and claims that it paid Plaintiffs and all putative class members the appropriate wages. Among other defenses,

Defendant asserts that the putative class members were exempt from the overtime provisions of the FLSA under the Motor Carrier Act overtime exemption.

Plaintiffs seek to maintain this litigation as a collective action pursuant to 29 U.S.C. § 216(b) and to give notice of the lawsuit to CDL Frac Fuel Drivers who worked for Defendant at any time two years prior to the Court's Order approving Plaintiff's Motion. In order to allow these putative class members to obtain information about this litigation and elect whether they wish to file a consent to join the litigation, Plaintiffs move the Court to conditionally certify this case as a collective action and to approve the issuance of notice to the putative class members. Defendant does not oppose Plaintiffs' motion in this regard.

In addition, Plaintiffs request approval of the Notice of Rights letter and Consent form attached to this motion as "Exhibit A" to be disseminated via the procedure to effectuate notice as outlined below:

Fourteen (14) days after the Court's ruling on Plaintiffs' Unopposed Motion for Conditional Certification and Approval of Notice to Class Members, Defendant shall provide to counsel for Plaintiffs the names, first and last dates of employment and all known mailing addresses for Class Members (the "Class List"). Defendant shall provide such information in a computer-readable format, such as a Microsoft Excel Spreadsheet. Should Plaintiffs' counsel require additional information to locate a putative class members in the event his or her mailing is returned undeliverable, the Parties shall confer in good faith and Defendant shall provide additional information in its possession, as necessary, to locate the putative class member(s).

No later than ten (10) days after receiving the Class List, counsel for Plaintiffs shall send a copy of the Agreed Notice and Consent Form ("Exhibit A") to the Class Members via first class

mail. Plaintiffs' counsel shall also include a self-addressed, stamped envelope in the mailing. Plaintiffs' counsel may hire a class action administration company to oversee the mailing of the notice and forms.

Consent forms from putative class members wishing to take part in this case must be actually received or postmarked no later than sixty (60) days from the date the Notice is sent to any Class Member (the "opt-in period"). Plaintiffs' counsel shall promptly file consents with the Court upon receipt. Putative class members who return their consents after this deadline may join this case only upon a showing of good cause and by consent of all parties or by Court order upon good cause shown.

Nothing in this Motion shall be interpreted as limiting, waiving, or modifying any of the Parties' claims and/or defenses. Defendant's non-opposition to this Motion is without prejudice to Defendant's position that it has not violated the FLSA; that these putative class members are not similarly situated; and, that conditional certification is not appropriate in this case. Defendant's participation in this Motion is without prejudice to Defendant's right to later seek decertification of this conditional class.

Defendant's decision not to oppose this Motion is not an admission as to the underlying substantive issue in this controversy.

## II.

WHEREFORE, Plaintiffs pray that their Motion be granted, that the Court conditionally certify this litigation as a collective action pursuant to 29 U.S.C. § 216(b) and approve the Notice of Rights letter and Consent form ("Exhibit A"), and for any other relief they may be entitled to in law or in equity.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

/s/ Ricardo J. Prieto
Robert R. Debes, Jr.
Texas State Bar No. 05626150
bdebes@eeoc.net
Ricardo J. Prieto
Texas State Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, TX 77046
713.621.2277
713.621.0993 (Fax)

ATTORNEYS FOR PLAINTIFFS
& CLASS MEMBERS

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties conferred and Defendant is unopposed to the relief sought in this motion.

/s/ Ricardo J. Prieto
Ricardo J. Prieto

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on July 18, 2016 to all counsel of record.

/s/ Ricardo J. Prieto
Ricardo J. Prieto